IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED

2006 JUL 17 P 2: 26

Juan Rodriguez
    Movant,

CR/3:01CR6(pcd)
CV/3:03CV887(pcd)

v.

United States of America,

\* \* \* \* \* \* \*

## MOTION TO AMEND

    Comes now the Movant "Juan Rodriguez" pro se. named in the above cited captioned cause humbly and respectfully amends his §2255. motion to vacate set. aside or correct sentence pursuant to Fed. R. Civil Proc. Rule (15)(c)(2). Movant Rodriguez contends that he is ("actually innocent"). At movant's sentencing hearing it was made aware that the government had attributed one (1) kilogram or more of "Heroin" to him for sentencing purposes which increased movant's sentence substantially.

    Movant contends that he was only busted with 14-grams. Counsel objected at sentencing However. counsel failed to raise this issue on appeal. Hence. counsel failed to file notice of appeal. when this was clearly a meritorious claim based on the fact that the one (1) kilogram or more of heroin was not presented to a jury and proven beyond a reasonable doubt. in violation of movant's Sixth Amendment right to trial by jury.

## ACTUAL INNOCENCES:

Movant Rodriguez contends that he is actually innocent of the one (1) kiolgrams or more of heroin. Rodriguez relies on House v. Bell Warden. no: 04-8990 decided June 12. 2006. and Schlup v. Delo. (1995) 130 Led. 2d. 808 as his positive authority to support his claims. However. Rodriguez faces procedural obstacles that he must overcome before a Federal Court may address the merits of those Constitutional claims.

Movant Rodriguez may obtain review of his Constitutional claims only if he falls within the "narrow class of cases" implicating a fundamental miscarriage of justice". McCleskey. v. Zant.499 US at 494. Rodriguez claim of innocences is offered also to bring him within this narrow class of cases.

Rodriguez claim of innocences is thus not itself a Constitional claim but instead a gateway through which a habeas petitioner must pass to have his otherwise barred Constitutional claim considered on the merits".Schlup v. Delo.130 Led. 2d. 808. citing Herrera v. Collins. 122 Led. 2d. 203 (1993).

## COUNSEL IS IN VIOLATION OF ANDERS:

Movant contends that he asked counsel about the possibility of appealing his case and counsel just said to him that he did not think it was a good idea.. However, counsel failed to file the necessary "brief" as required by Anders. "An indigent accused's Constitutional right to counsel on the first appeal from his conviction requires that court-appointed counsel support the appeal to the best of his...

ability; if after a conscientious examination of the case, he finds it to be wholly frivolous, he should advise the court and request permission to withdraw accompanying his request with a "brief" referring to anything in the record that might arguably support the appeal; a copy of the lawyers brief should be furnished to the indigent and time allowed him to raise any points that he chooses the court must then decide after a full examination of all the proceedings whether the case is wholly frivolous". Anders v.. California. 386 US 738 18 Led. 2d. 493. 87 S. Ct. 1396.

## COUNSEL FAILED TO CONSULT WITH MOVANT RODRIGUEZ ABOUT AN APPEAL:

Counsel advised Movant Rodriguez that he did not think it was a good idea to appeal his case. However. Counsel had a duty to consult with movant about an appeal. Hence. knowing that Movant had a meritorious issue in regard to the additional one(1) kilograms or more of Heroin that the government attributed to Rodriguez at sentencing. The one(1) kilograms or more of Heroin was not presented to a jury and proven beyond a reasonable doubt.

Counsel failed to consult with Rodriguez to advise him about the advantages of taking an appeal, and to make a reasonable effort to discover Rodriguez wishes on whether he wanted to appeal or not. Rodriguez neither instructed counsel to file an appeal nor did Rodriguez asks that an appeal not be taken. "In those case where the defendant neither instructs counsel to file an appeal nor ask that an appeal not be taken we believe the question whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a seperate. but antecedent question whether counsel in fact consulted with the defendant about an appeal." Roe v. Flores-Ortega, (2000) 528 US 470. 145 Led. 2d. 995. 120 S. Ct. 1029.

"We employ the term "Consult" to convey a specific meaning advising the defendant about the advantages and disadvantages of taking an appeal. and making a reasonable effort to discover the defendant's wishes." Roe. 528 US at 996. The court must ask the question as in Roe. under what circumstances does counsel have an obligation to consult with the defendant about an appeal? Because the decision to appeal rest with the defendant we agree with Justice Souter that the better practice is for counsel routinely to consult with the defendant regarding the possibility of an appeal. Roe. 528 US at 996 Also see ABA Standards for criminal justice. Defense Function 4-8.2(a) (3d ed. 1993). post at 490-491. 145 Led. 2d. at 1003. 1004.

"We instead hold that counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either(1) that a rational defendant would want to appeal for example because there are non-frivolous grounds for appeal, or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known See id. at 690. 80. Led. 2d. 674. 104 S. Ct. 2052; Roe. 528 US at 997.

Showing of prejudice is required because the adversary process itself is presumptively unreliable". Roe. 528 US 470. (complete denial of counsel on appeal requires a presumption of prejudice"). At bar this case involves a forfeiture of a proceedings itself. Rodriguez contends that counsel's deficient performance deprived him of a notice of appeal and hence an appeal altogether. Counsel's deficient performance deprived Rodriguez of more than a fair judicial proceeding that deficiency deprived Rodriguez of the appellate proceedings altogether.

4

In Cronic. Penson. and Robbins we held that the complete denial of counsel during a critical stage of a judicial proceedings mandates a presumption of prejudice because the adversary process itself has been rendered presumptively unreliable". Roe citing Cronic Supra at 659 80 Led. 2d. 657 104 S. Ct. 2039.  Even if Rodriguez "waived" his right to appeal "in some circumstances that implicate a defendant's Constitutional Rights a waiver of the right to appeal may be invalid" and should not be enforced". United States v. Gomez-Perez, 215 F 3d. at 318 (2nd circuit 2000), citing United States v. Jacobson. 15 F 3d. at 23 (2nd Cir. 1994).

"In such cases. if after reviewing the record defense counsel is satisfied that there are no non-frivolous issues for appeal defense counsel should file an Anders. brief confined to these issues alone. and an accompanying motion seeking to be relieved as counsel. Counsel must also advise the defendant-Appellant in accordance with our normal Anders procedures and the defendant-Appellant must be given an opportunity to respond". Gomez-Perez. 215 F 3d. at 319 (2nd Cir. 2000).

In Gomez-Perez. his counsel submitted an adequate Anders brief that addressed the issues. At bar. Rodriguez counsel failed to submit an Anders brief requesting to be relieved. "Appeal waiver in a plea agreement does not relieve defense counsel of it's obligation to file a no-merit brief pursuant to Anders". Campusano v. United States.  2nd Cir. No: 04-5134-pr. 3/23/06.

This Court must accept movant Rodriguez motion to amend in light of his "actual innocences" claim the failure to do so could result in a miscarriage of justice. See  Schlup v. Delo. 513 US 298 314-315. 115 S. Ct. 851 861 130 Led. 2d. 808 (1995); McCleskey v. Zant. 499 US 493 494 111 S. Ct. 1454 1470 113 Led. 2d. 517 (1991).

5

**Wherefore these reasons** movant Rodriguez prays this most Honorable Court accept his motion to amend in light of his actual innocences claim and grant the relief this court deems is just, fair and proper.

Respectfully Submitted

*Juan Rodriguez*
Juan Rodriguez #14078-014
Federal Correctional Institution
1900 Simler Avenue
Big Spring Texas 79720
Sunset Unit

## CERTIFICATE OF SERVICE

I hereby Certify and declare that a true and accurate copy of the foregoing motion to amend was Mailed First Class Mail on this __21st__ day of __July__ 2006 to the following parties below.

A.U.S.A.
District Court of Connecticut
141 Church Street
New Haven. Ct. 06510

*Juan Rodriguez*