UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JUAN RODRIGUEZ | : | |
| V. | : | Criminal No. 3:01CR00006(PCD) |
| | : | Civil No.   3:03CV00887(PCD) |
| UNITED STATES OF AMERICA | : | |

MEMORANDUM OF DECISION

Pending is Petitioner's action pursuant to 28 U.S.C. § 2255. In a multiplicity of pleadings, including numerous scheduled continuances, the petition was held in abeyance to allow an amended petition, now long since filed, and a response thereto. In the lack of a listing on the motion pending list, the petition was allowed to lie fallow through no fault of petitioner.

Faced with an indictment charging him with conspiracy to possess with intent to distribute one kilogram or more of heroin, petitioner pleaded guilty. As a result of his having 30 points toward the calculation of his criminal history, his category was VI and his offense level was 34. His guideline range was 262 to 327 months. As a career criminal facing the noted charge, petitioner was subject to a mandatory minimum sentence of 20 years, 240 months. He was afforded an opportunity to proffer to be considered for a U.S.S.G. § 5K1.1 cooperation motion but his tender was not deemed to do so by the government. At sentencing, his attorney made a pitch for a 20 year sentence as a departure, the most possible in the face of the mandatory minimum. His 20 year sentence constituted a departure from the guideline range by nearly 2 years. The basis for the government position was articulated and petitioner took no appeal.

In his petition, as amended, four claims are advanced: 1) That his being limited by the Bureau of Prisons (BOP) to one social telephone call per week made his plea involuntary and the sentence imposed unlawful: 2) That based on Blakely v. Washington, 514 U.S. 296 (2004) the

"sentencing guidelines under which he was initially sentence to a term of 20 years were unconstitutional;" 3) That he was wrongly denied credit to which he was entitled for information he provided pursuant to U.S.S.G. § 5K1.1; and 4) that his plea was coerced and thus involuntary as his failure to plead was threatened to result in his wife being the subject of a prosecution. After reviewing all of petitioner's claims and the government's responses thereto, his claims are found to be without merit and his petition is therefor denied.

    A) The limit imposed on his use of the telephone. Petitioner was informed of the limit at his first BOP placement. It apparently has continued. He unsuccessfully sought review of the limit through BOP administrative procedures. He was informed that his limit in that respect was pursuant to a BOP regulation based on the fact that he was involved in a scheme, using a phone, to facilitate importation of drugs into a correction facility. He concedes the restriction was the result of "the nature of his current offense conduct." Petitioner's Memorandum, p. 1, 3. That would constitute a logical basis for the limit. In any event the administration of BOP facilities is solely within the authority of the BOP and courts have no jurisdiction to dictate BOP policy as to conditions of confinement. See <u>Ruiz v. United States</u>, 2000 WL1029186 (S.D.N.Y. 7/24/2000). For that reason the court may not grant petitioner relief by ordering an end to the limit. Further he can hardly rely on a claim of denial of due process based on an administratively imposed limit on his phone use well after he entered his plea. He makes no claim as to a legal entitlement to any particular use of a phone nor that such was a condition of his plea. His only claim is that he was not informed of a restriction of "his normal telephone privileges." He cites no authority of his having any particular telephone privileges On this basis the petition is without merit.

    B) His sentence was unconstitutional per <u>Blakely</u>. Petitioner's sentencing range as calculated based on the facts found at the time of sentencing, to which no exception was taken,

was 262-327 months. He was not sentenced within that range but the departure therefrom is seen, in retrospect, as the maximum departure unless a 5K1.1 motion had been made. Therefor any challenge to the factual basis for the calculation or the process by which the range was calculated benefits petitioner not at all because even if the range was improperly derived, as it was not the basis for the sentence imposed by the court he was not adversely affected thereby. Rather the sentence was determined by the applicable mandatory minimum enacted by Congress for any violation of the statute to which petitioner pled after a prior drug conviction which was not here disputed, 21 U.S.C. § 851, all as recited in defendant's plea agreement and acknowledged in defendant's plea allocution .Petitioner's argument is misplaced for Blakely has no application to a Congressional enacted mandatory minimum sentence. The basis for a mandatory minimum that does not increase the maximum is not subject to Blakely. See Apprendi v. New Jersey, 530 U.S. 466, 487 n. 13, (2000); McMillan v. Pennsylvania, 477 U.S. 79, (1986); e.g. United States v. Thomas, 204 F.3d 381. 383-84, (2d Cir. 2000). On this basis the petition is without merit.

     C) He was wrongly denied the benefit of a U.S.S.G. § 5 K1.1 motion. This claim will not lie for two reasons. The motion to extend credit to one such as petitioner is vested solely in the government. The court may depart upon a "motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person."" U.S.S.G. 5K1.1. The government is thus empowered to make the motion but is under no duty to do so, particularly to the extent of sentencing below a mandatory minimum. Wade v. United States, 504 U.S. 181, 185 (1992). There is no claim of an improper motive in the government's denial of such a motion. Secondly, the government described petitioner's proffer of information, see Government response to petition, 4/16/04, p. 3, on which entitlement is premised. The proffer was not made pursuant to a cooperation agreement. As the proffer was legitimately found not to

be candid, less than truthful and not adequately providing prosecutorial assistance, petitioner's claim cannot be found to have merit. A prosecutor has substantial discretion as to whether to make the motion. United States v. Knights, 968 F. 2d 1483, 1488 (2d. Cir.1992) (a reasonable belief defendant gave untruthful testimony is conclusive of a good faith refusal to make the motion). In the face of the government's determination that petitioner had not qualified for a 5K1.1 motion, petitioner's attorney did not pursue a further proffer but sought a departure down to the mandatory minimum, sentencing transcript of 7/20/01, p. 32. The court adopted that approach by imposing a sentence nearly two years below the low end of petitioner's guideline range but in compliance with the mandatory minimum.

      D) Petitioner's plea was coerced. When petitioner pled, he was thoroughly examined on the question of the voluntariness of his plea. It reflected his free will, was not forced and he was not subject to undue pressure. Now he claims, for the first time, it was coerced. It is noted that the claim is now used as a springboard to relief from the sentence long after it was imposed. He provides no supporting evidence and has not invoked support from his attorney. In the face of the record, petitioner's bald assertion is not credited and is contradicted by the record at the time of his plea. See United States v. Gonzalez, 970 F. 2d 1095, 1101 (2d Cir. 1992); United States v. Diaz, 176 F.3d 52, 114 (2d Cir. 1999).

      The government notes that no appeal was taken from his conviction and sentence. It argues that all of the claims are subject to the requirement that ordinarily the only claims properly raised in a § 2255 petition are claims that were preserved at trial. That is not the case here. Thus he is in procedural default for his failure to do so. He may only be heard at this stage if he is able to show cause or prejudice or actual innocence. Bousley v. United States, 523 U.S. 614, 622 (1998). He has asserted none of the three. See Wainwright v. Sykes, 433 U.S. 72, 87 (1977). A

habeas corpus writ is not a substitute for an appeal. <u>Reed v. Farley</u>, 512 U.S. 339, 354 (1994). Petitioner has made no showing why his claims were not raised in a direct appeal. He also makes no showing why his claims should not be considered by this court via a § 2255 petition.

CONCLUSION: For the forgoing reasons, all of petitioner's claims are found to be without merit and the petition is denied.

SO ORDERED:

Dated at New Haven, Connecticut this 8th day of June, 2007.

/s/
PETER C. DORSEY
UNITED STATES DISTRICT JUDGE